UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:10-cr-93-01 SEB-KPF |
| vs. ) | |
| ) | |
| TONY CURRIE, ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR EVIDENTIARY HEARING
(Docket No. 56)

Defendant's now extensively briefed Motion to Suppress Evidence is before the Court for a determination, first, regarding whether an evidentiary hearing is required in light of the specific arguments advanced by the Defendant attacking the search warrant issued by the Magistrate Judge in this case, and, second, if no hearing is required or otherwise appropriate, whether the search conducted pursuant to the warrant must be suppressed under Fourth Amendment principles as a matter of law. For the reasons explicated below, we DENY Defendant's request for an evidentiary hearing as well as his motion to suppress.

Defendant is awaiting trial on the pending indictment charging him with multiple violations of law relating to the distribution of cocaine base (Counts One through Five), all based on conduct alleged to have occurred prior to the May 11, 2011, execution of the search warrant, and with possession of a firearm by a previously convicted felon (Count Six) based upon the firearm allegedly found at Defendant's Albury Drive residence in Indianapolis. Trial by jury is currently scheduled for November 7, 2011.

Events leading up to the Grand Jury's return of the indictment can be fairly summarized as follows. An arrest warrant for the Defendant was sought and obtained from the Magistrate Judge by D.E.A. Special Agent Dan Gainer on May 10, 2010, based on various cocaine-related offenses. On that same date, SA Gainer also obtained a search warrant authorizing a search of Defendant's home at the specified address to be executed simultaneously with the arrest warrant. The search yielded a variety of potentially incriminating items of evidence, which Defendant seeks to have suppressed.

The text of the warrant issued by the Magistrate Judge targeted various documents and records as well other items and things indicative of drug trafficking activity. The items to be seized were listed in sixteen separate categories laid out in Attachment B appended to the Application and Warrant, all of which would tend to show that Defendant was a drug trafficker. The location to be searched was Defendant's residence, 6129 Albury Drive, Indianapolis, Indiana, described more fully in Attachment A to the Application and Warrant, which included a photograph of the dwelling.

SA Gainer's Affidavit submitted to the Court in support of the Application for Search Warrant included extensive details of the law enforcement investigation relating to Defendant's cocaine distribution activities which had be ongoing over a substantial time period, primarily in the City of Anderson, Indiana. This investigation included the utilization of a confidential source, who, after having been arrested on a drug charge, was given the opportunity to lessen his legal exposure by cooperating with law enforcement officials. He therefore informed Anderson police officials that, as early as February 2010, he had made purchases of cocaine from the Defendant. This general information as revealed by the confidential source had already been independently known to local narcotics police officers based on their other investigations.

The Gainer Affidavit detailed Defendant's involvement in cocaine trafficking activities, including three separate consensually monitored and recorded cocaine transactions between the confidential source and the Defendant occurring in March 2010 (paragraphs 8-13 of Gainer's Affidavit). Also included are averments relating to the location of Defendant's Albury Drive, Indianapolis residence, where it was believed would be found various drug trafficking items and materials, including documents, records and paraphernalia. The Affidavit in support of the search warrant clearly substantiated the belief that Defendant (1) was engaged in ongoing drug trafficiking activities, and (2) resided at the Albury Drive residence.

The arrest warrant that SA Gainer sought and obtained from the Magistrate Judge was based on the three monitored and recorded cocaine transactions between the CS and Defendant. At the time the arrest warrant was executed and the search warrant was also served, nothing was known by law enforcement officials about Defendant's possession of a firearm following his prior felony conviction. Following the search, various materials were recovered which arguably established Defendant's involvement in drug related trafficking activity along with the firearm, which is the basis of Count VI of the Indictment.

Defendant's motion to suppress encompasses a broadly drafted laundry list of attacks on both the arrest and search warrants; we share the Government's characterization of the scope of Defendant's motion (Government Response and Opposition, page 2) that "... Defendant attacks the search warrant on all possible grounds." Thankfully, by the time the briefing on the pending motion was completed, the issues requiring a judicial resolution have been significantly narrowed and clarified. We thus will structure our analysis in this ruling to reflect the five alleged defects in the search warrant as expressed by Defendant at Page 3 of his Reply brief, which we

paraphrase as follows:

>(1) the audio and video recordings of communications between the Confidential Source ("CS") and the Defendant were not presented to the issuing magistrate judge as part of the probable cause determination;
>
>(2) Agent Gainor did not provide direct evidence from the CS, either through testimony or affidavit, to the issuing magistrate judge;
>
>(3) the Affidavit in support of the search warrant was not sufficiently detailed regarding the location to be searched or the procedures to be followed by the executing law enforcement officials;
>
>(4) the reliability of the CS is unsubstantiated;
>
>(5) the Affidavit lacks particularity relating to the underlying facts, relying instead only on conclusory references.

Based on our careful review of the Government's ten-page, eighteen-paragraph Application and accompanying Affidavit for Search Warrant and the detailed attachments (Attachments A and B), we conclude that there is no basis for suppression of the evidence derived from the search, nor is there any basis for the Court to conduct an evidentiary hearing under Franks v. Delaware, 438 U.S. 154 (1978), or any other authorities cited by Defendant because no facts are in controversy.

We begin with a summary of the controlling principles from a recent opinion by Judge Tinder writing on behalf of the 7th Circuit in United States v. Hicks, 650 F.3d 1058 (7th Cir. 2011), relating to the legal standards governing probable cause findings:

>Probable cause exists when "known facts and circumstances" allow a reasonable belief that a search will turn up evidence of criminal activity. Probable cause requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity. As the term implies, probable cause addresses probabilities. Mere suspicion does not suffice to establish probable cause.

Id., 650 F.3d 1058 at 1065 (internal citations omitted).

Applying these principles, we are able to dispose rather quickly of the claims referenced by Defendant in Paragraphs (1), (2) and (3) above, none of which is supported by any rule or principle or controlling case law, and none of which undermines the issuing judge's determination of probable cause. Initially, we note that to our knowledge there is no legal requirement that the issuing judge, in considering an application for a search warrant, be presented with and/or required to review the actual audio and video recordings of monitored communications between a confidential source and a defendant, and Defendant failed to reference any such legal foundation. SA Gainer did testify by Affidavit that he had personally reviewed the recordings and that they disclosed the facts and circumstances of the controlled buys of narcotics by the Defendant.

Nor is there any legal requirement that the direct testimony of or a sworn affidavit by the CS be submitted to the judge to allow him to properly consider the underlying facts relating to the probable cause determination. Here, SA Gainer, after recounting in detailed the facts surrounding the monitored conversations between the CS and the Defendant, averred that he had personally reviewed both the audio and video recordings of those transactions and, based on his training and experience, he knew that individuals and criminal organizations involved in the distribution of narcotics typically make and retain documents, records, notes, equipment, ledgers, phone records, etc related to that business. He also averred that, based on his investigation, he believed the Defendant was engaged in the business of drug trafficking as his primary source of income. The Government's reliance on the holdings in United States v. Lemon, 930 F. 2d 1183, 1188 (7th Cir. 1991), United States v Orozco, 576 F. 3rd 745, 749 (7th Cir. 2009), and United States v. Sleet, 54 F. 3d 303, 306 (7th Cir. 1995), is entirely apt for the proposition that drug dealers tend to keep evidence of their activities where they live, thereby giving rise to a judicial inference in support of probable cause to

search the residence of a suspected drug trafficker.

As for Defendant's claim number 3, above, relating to the sufficiency of the information made known to the Magistrate Judge regarding the specific location to be searched, the Application and the warrant could not be clearer or more precise. In fact, Defendant does not actually claim any error in the warrant or its execution, rather, in a generalized fashion, he contends that the warrant was "not sufficiently detailed." Given the vagueness of this claimed defect as advanced by Defendant, especially in light of the thoroughness and precision of the Affidavit and Warrant, we fail to comprehend the specific issue raised in this regard. The allegation regarding the absence of any "procedures to be followed" in executing the search warrant is also a mystery to us. We know of no controlling legal rule or requirement that procedural directions be set out for the benefit of the law enforcement officers who will execute the search warrant. Significantly, Defendant cites us to no such authority either.

We turn now to Defendant's remaining alleged defects in the Application/ Warrant per Paragraphs 4 and 5 above: that the confidential source as referenced in the Affidavit was unreliable, and that the Affidavit lacked facts of sufficient particularity to support a probable cause determination in support of the issuance of the search warrant.

In a case closely similar to the case at bar, <u>United States v. Johnson</u>, __ F.3d __, 2011, Nos. 10-1762, 10-2230, WL 3506098 (7th Cir., August 11, 2011), the Seventh Circuit addressed a claim of insufficient evidence to support the Magistrate Judge's finding of probable cause based on the insufficient corroboration of an informant in the accompanying warrant application. There, the Court ruled that, when the issuing judge considers only the supporting affidavit in deciding whether to issue a search warrant:

> the warrant must stand or fall solely on the contents of the affidavit. And when an affidavit relies on information supplied by an informant, the issuing judge must consider whether the information is reliable. The judge must look at a variety of factors, including the degree to which police have corroborated the information, whether and to what extent the information is based on the informant's own observations, how much detail the informant provides, how much time elapsed between the events reported and the warrant application, and whether the informant personally appeared before the warrant-issuing judge. <u>We take into account these and any other pertinent factors as a whole</u>, and no one factor necessarily dooms a search warrant.

Id. at * 3 (internal citations omitted) (emphasis added).

The Court in <u>United States v. Koerth</u>, 312 F.3d 862 (7th cir. 2002), directs that "(t)he task of the issuing judge is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." <u>Id.</u>, at 866 (quoting <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983)).

In the case before us, Defendant's alleged lack of substantiation for the reliability of the CS is a non-starter, primarily because the drug transactions alleged to have occurred between Defendant and the CS which supported the search warrant of Defendant's residence were monitored and simultaneously recorded by law enforcement officers at the time they occurred thus producing the audio and video recordings. The Affiant, SA Gainer, testified to what he heard, and what was recorded, and to the procedures that were followed both before and after the drug transactions to ensure that the CS did as he was instructed to do with regard to the drugs and the money entrusted to him by the agents. There was no reliance placed on the CS's independent, unilateral, unsupervised actions or statements. Under these circumstances, the Magistrate

Judge did not require additional information beyond that provided the agent in his sworn statement based on his personal knowledge. In other words, no further information to independently validate or verify the reliability of the informant's statements was required.

To repeat: the role of the confidential source in the case before us was limited to the three charged drug transactions he conducted with the Defendant, about which SA Gainer had knowledge based on his personal review of the recordings of each of those transactions. That evidence was both reliable and sufficient for a probable cause determination by the Magistrate Judge relating to the Defendant being a likely drug dealer and for the search of his residence following his involvement in the three drug transactions, SA Gainer again testified that, based on his experience and training, he knew that people involved in drug trafficking usually, typically, routinely keep records and documents and materials and other such things relating to that business in the places where they live. The confidential source's information at most supported an inference from which the probable cause finding could be, and apparently was made, in support of the issuance of the search warrant. In short, there was no need for the reliability of the CS to be further substantiated in the Application for the Search Warrant beyond the Special Agent's averments in support a probable cause determination.

Regarding Defendant's claimed Defect #5, namely, that the Affidavit lacked particularity relating to the underlying facts, incorporating instead only conclusory references, we are as perplexed as the Government represents itself to be (Page 9, Govt's Surreply brief) as to the specifics of Defendant's contention(s) in this regard. We find the Affidavit to be both detailed and thorough, with no critical omissions or unsubstantiated, unreliable averments. Defendant does not help himself in making this claim when he entirely fails to identify the specific areas of vagueness or error, of incompleteness or conclusoriness in the Affidavit. We are not required to guess at what he means

here, or to conduct our own independent analysis to determine whether there are any shortcomings in the submissions made to the issuing judge in support of the government's request for these warrants targeting the Defendant. This claim, therefore, fails based on its own lack of particularity and clarity.

Finally, we see no reason for the court to conduct an evidentiary hearing on any of the alleged defects in the Application for Search Warrant and accompanying Affidavit. There is no evidence that SA Gainer "knowingly, intentionally, or with a reckless disregard for the truth, made false statements in the warrant affidavit and that the false statements were necessary for the judicial officer to conclude that probable cause existed." United States v. Norris, 640 F. 3d 295, 300-1 (7th Cir. 2011). Pursuant to Franks, 458 U.S. 154 at 171. "There is ... a presumption of validity with respect to the affidavit in support of a search warrant." Further, all of Defendant's claims raise legal deficiencies and defects, rather than factual ones. Thus, there is no need for, and certainly no entitlement to, an evidentiary hearing before the Court, and we shall deny Defendant's request for one.

For all the above-stated reasons, Defendant's Motion to Suppress and Request for Evidentiary Hearing are hereby DENIED.

IT IS SO ORDERED.

Date: 10/17/2011

*signature*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jamison J. Allen
LEE COSSELL KUEHN CROWLEY & TURNER LLP
jallen@nleelaw.com

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

Harold Wayne Myers
WYSS, MORGAN & MYERS
harold.myers3@frontier.com